# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| RENEE NORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:17-CV-585–HEH |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss)

This matter is before the Court on Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss (ECF No. 3), filed on August 23, 2017. The Motion included an appropriate Roseboro Notice, as required by Local Civil Rule 7(K) and the Fourth Circuit's decision in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). All parties have filed memoranda supporting their respective positions. (ECF Nos. 4, 8–9.)[1] The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons set forth below, the Court will grant Defendant's motion. This case will be dismissed in part with prejudice and in part without prejudice.

---

[1] On February 5, 2018, Plaintiff filed a document titled "Plaintiff's Additional Information to Oppose Defendant Wells Fargo Bank, N.A.'s Rebuttal Memorandum of Law in Support of its Motion to Dismiss." Plaintiff did not seek or obtain leave to make this filing, and therefore the Court will not consider this document. *See* E.D. Va. Loc. Civ. R. 7(f)(1).

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed through this lens, the facts are as follows.

Plaintiff, a resident of Chesterfield County, Virginia, purchased a home located at 3430 Lady Marian Court, Midlothian, Virginia 23113 ("Property") in 2002 and financed that transaction with a mortgage loan from Defendant. (Compl. 1–2, ECF No. 1-4.) Plaintiff identifies that the loan amount was approximately $400,000 and that both parties revised the loan agreement in October 2013. (*Id.* at 1.)

Plaintiff defaulted on her loan in December 2014 and received notice on June 20, 2017 that a foreclosure sale of the Property was scheduled for July 13, 2017. (Compl. 1.) Plaintiff, proceeding *pro se*, filed suit in Chesterfield Circuit Court on July 12, 2017, alleging that Defendant violated numerous state and federal laws by breaching the terms of the contract. (*Id.* at 1–4.) Plaintiff seeks injunctive relief, declaratory relief and damages. (*Id.* at 3–4.)

Defendant successfully removed the case from state court to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 (Notice of Removal 1, ECF No. 1) and subsequently filed a Motion to Dismiss (ECF No. 3) on August 23, 2017.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, the Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, the requirement of a liberal construction does not excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*,

3

"[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III. ANALYSIS

At the outset, the Court notes that it is difficult to discern from the Complaint precisely what conduct Plaintiff alleges gives rise to the various claims she asserts. Defendant addresses the individual claims raised by Plaintiff, but also contends that the Complaint as a whole fails to comply with the minimum pleading standards required under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's Memorandum in Opposition (ECF No. 8) does little to address the issues raised by Defendant; instead, Plaintiff includes several quotations from various legal authorities and raises the issue of standing.[2]

### A. Count I: Breach of Contract[3]

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or

---

[2] It is admittedly unclear what Plaintiff intends to argue with regard to standing. To the extent she argues that Defendant lacked standing to proceed with the foreclosure, such an argument is not properly before the Court as Plaintiff's Complaint makes no mention of the standing issue. Moreover, any contention that Defendant does not have an interest in the properly is directly at odds with the entirety of Plaintiff's Complaint. Article III standing is not implicated because Plaintiff, not Defendant, filed the suit, and the allegations in the Complaint (i.e. that Defendant instituted foreclosure proceedings against Plaintiff) are sufficient to satisfy the 'case or controversy' requirement.

[3] Plaintiff's Complaint does not separate several of her claims into distinct counts. In the interest of clarity, the Court applies its own organization to the claims raised by Plaintiff.

4

breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *William H. Gordon Assocs., Inc. v. Heritage Fellowship, United Church of Christ*, 291 Va. 122, 784 S.E.2d 265, 274 (Va. 2016). Plaintiff bears the burden of proving that Defendant breached the contract. *See Carley Capital Group v. Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989) ("In order to recover for breach of [a contract], plaintiffs must prove, by a preponderance of evidence . . . the defendants have failed to perform under or breached the agreements.").

Notwithstanding the liberal construction afforded to *pro se* complaints, Plaintiff fails to state a claim for breach of contract. It is not clear from the face of the Complaint what contractual obligation Plaintiff alleges Defendant breached or what conduct gave rise to this alleged breach. It appears that Plaintiff's claim stems from the notice provided to her by Defendant in relation to her default and the subsequent scheduling of a foreclosure. (Compl. 1.) Specifically, the Complaint states: "June 20, 2017 the plaintiff receives Notice of Trustee Sale scheduling a non-judicial foreclosure auction date of July 13, 2017 . . . Wells Fargo failed to send a notice to cure 30 days prior to foreclosure." (*Id.*) Defendant construes Plaintiff's claim as relating to a loan provision that requires the lender to provide the borrower with notice of default thirty days prior to foreclosure. (Mem. Supp. Mot. Dismiss 6–7.) Defendant argues that Plaintiff misinterprets this provision to require that notice be *received* thirty days prior to foreclosure, as opposed to merely *sent* thirty days prior. (*Id.*)

Despite Defendant's admirable attempt at interpreting the Complaint, the Court cannot construct Plaintiff's arguments for her. *See United States v. Wilson*, 699 F.3d 789,

797 (4th Cir. 2012) ("[T]he special judicial solicitude with which a district court should view . . . pro se filings does not transform the court into an advocate." (internal citations omitted)). The Complaint contains only limited details on the contents of Plaintiff's mortgage loan with Wells Fargo and makes no mention of the provision that Defendant cites. Moreover, even if the Court were to agree with Defendant's construction and determine that Plaintiff's claim flows from the aforementioned notice provision, the Complaint is at best internally inconsistent as to how that provision was breached. While Plaintiff makes one allegation that Defendant did not send the notice in a timely fashion, she makes three other allegations related to her receiving notice. Plaintiff's *pro se* status entitles her to some leeway; however, the Court is not empowered to discern her "unexpressed intent." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006)

For these reasons, the Court will dismiss Plaintiff's breach of contract claim without prejudice.

**B.  Count II: Breach Duty of Good Faith and Fair Dealing**

Virginia law recognizes the duty of good faith and fair dealing implicit in contracts. *Va. Vermiculite, Ltd. v. W.R. Grace & Co.*, 156 F.3d 535, 542 (4th Cir. 1998). Breach of this duty gives rise to a claim for breach of contract, as opposed to a claim in tort. Importantly though, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 493 S.E.2d 516, 520 (Va. 1997). Thus, "no implied duty arises with respect to activity governed by express contractual terms" except in limited circumstances. *Skillstorm, Inc. v. Electronic Data Systems, LLC*, 666 F.

Supp. 2d 610, 620 (E.D. Va. 2009) (citing *Ward's Equip.*, 493 S.E.2d at 520); *see Stoney Glen, LLC v. Southern Bank & Trust Co.*, 944 F. Supp. 2d 460, 466 (E.D. Va. 2013).

The case law reveals two situations where the duty of good faith and fair dealing is breached. *Stoney Glen, LLC*, 944 F. Supp. 2d at 466. While "the duty of good faith does not prevent a party from exercising its explicit contractual *rights*, a party may not exercise contractual *discretion* in bad faith." *Va. Vermiculite, Ltd.*, 156 F.3d at 542. Beyond instances of contractual discretion, the duty may also be breached in relation to an express contractual right if a party employs dishonesty in the exercise of that contractual right. *Stoney Glen, LLC*, 944 F. Supp. 2d at 466; *see also Charles E. Brauer Co. v. NationsBank of Virginia, N.A.*, 251 Va. 28, 466 S.E.2d 382, 386 (Va. 1996).

The Complaint does not contain sufficient information to state a claim for breach of the duty of good faith and fair dealing. Plaintiff does not specifically allege that Defendant exercised contractual discretion in bad faith or that Defendant acted with dishonesty. Moreover, as detailed above, it is unclear what contract provision Plaintiff alleges Defendant breached or what conduct caused such a breach. As such, the Court is unable to discern from the Complaint whether the allegations taken as a whole would support a breach of this duty.

Therefore, the Court will dismiss Plaintiff's claim for breach of the duty of good faith and fair dealing without prejudice.

### C.     Count III: Violation of the Fair Debt Collection Practices Act ("FDCPA")

Congress passed the FDCPA "to eliminate abusive debt collection practices by *debt collectors*." 15 U.S.C. § 1692(e) (2012) (emphasis added). Plaintiff does not

7

specify the conduct by Defendant that she alleges violates the Act, nor does she identify why the Defendant should be considered a *debt collector* within the meaning of the Act. Instead, she merely states that "[Defendant] is in violation of the Fair Debt Collection Practices Act." (Compl. 1.)

The FDCPA defines "debt collector" as an entity whose principal purpose "is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In simpler terms, a "debt collector" is "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA*, Inc., 817 F.3d 131, 136 (4th Cir. 2016). There are no allegations in the Complaint that would suggest Defendant falls into any of these three categories. Even if Plaintiff had argued that Defendant satisfied one of those three categories, the FDCPA does not apply to Defendant, as the FDCPA specifically exempts "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A); *see Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.").

Because the FDCPA is inapplicable to Defendant, the Court will dismiss this count with prejudice.

### D. Count Four: Violation of the "Virginia Collection Agency Act"

The Virginia Collection Agency Act does not exist in Virginia law. However, Defendant speculates Plaintiff may have intended to assert a claim under the "Virginia Debt Collection Act." (Mem. Supp. Mot. Dismiss 6.) As previously noted, the deference afforded to *pro se* plaintiffs does not require district courts to "conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. Further, "[t]he Court may not construct a plaintiff's legal arguments." *Negron-Bennett v. McCandless*, No. 1:13-cv-387, 2013 U.S. Dist. LEXIS 103681, at *9 (E.D. Va. July 24, 2013).

Because the Virginia Collection Agency Act is not a Virginia law, the Court will dismiss this count with prejudice.

### E. Count Five: Negligence or "Reckless Conduct"

To establish an actionable negligence claim in Virginia, Plaintiff has the burden to show "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 585 S.E.2d 545, 548 (Va. 2003). Virginia law recognizes three degrees of negligence, with "willful, wanton, and *reckless*" negligence representing the greatest degree of negligence under Virginia law. *Griffin v. Shively*, 227 Va. 317, 315 S.E.2d 210, 212–13 (Va. 1984) (emphasis added). "A tort action cannot be based solely on a negligent breach of contract." *Richmond Metropolitan Authority v. McDevitt Street Bovis*, 256 Va. 553, 507 S.E.2d 344, 347 (1998). Thus, "the duty tortuously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Foreign Mission Bd. of S. Baptist Convention v. Wade*, 242 Va. 234, 409 S.E.2d 144, 148

9

(Va. 1991).

Plaintiff contends that "[a]s a proximate result of the negligent or reckless conduct of [Defendant] the Consumers' credit has been impaired and they are threatened with the eminent loss of their property." (Compl. 2.) However, she does not identify what duty she alleges that Defendant breached. Regardless, all of Defendant's conduct noted in the Complaint appears to stem from enforcement of the parties' loan agreement. As such, any duty Plaintiff might allege that Defendant breached would only exist because of the contract and therefore would not give rise to a tort action.

The Court will dismiss Plaintiff's claim of "negligence or reckless conduct" without prejudice.

F.     **Count Six: Slander of Title**

"To prove slander of title, [Plaintiff] must show that [Defendant] acted with malice or in reckless disregard of the truth or falsity of the statement[.]" *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015) (quoting *Wright v. Castles*, 232 Va. 218, 349 S.E.2d 125, 129 (1986)). "Reckless disregard" is understood to mean something significantly more than ordinary negligence, and "malice" suggests a "corrupt motive such as hatred, revenge, personal spite, ill will, or desire to injure." *Id.* at 411–12 (internal citations omitted).

Plaintiff alleges that "defendant has caused to be recorded various documents including a Notice of Trustee Sale which has impaired the Consumers' title which constitutes slander of title." (Compl. 2.) However, the Complaint does not allege that Defendant acted out of reckless disregard or malice nor does it provide the Court with

any indication that Defendant's behavior approached either of those standards. Moreover, there is nothing in the Complaint to suggest that the documents Plaintiff refers to contained false statements. The Complaint does not give any details on the various documents recorded other than the Notice of Trustee Sale, and the only allegation made in regards to the Notice of Trustee Sale is related to the service of that notice and not its contents.

Plaintiff's slander of title claim will be dismissed without prejudice.

### G. Count Seven: The Virginia Consumer Protection Act

The Virginia Consumer Protection Act ("VCPA"), Va. Code Ann. § 59.1-196 *et seq.*, creates a statutory cause of action separate and distinct from common law fraud, with the purpose of "expand[ing] the remedies afforded to consumers." *Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 249, 764 S.E.2d 256, 260 (Va. 2015) (internal citations omitted). Institutions such as Defendant are specifically excluded from liability under the VCPA. Va. Code. Ann. § 59.1-199(D) ("Nothing in this chapter shall apply to . . . [b]anks, savings institutions, credit unions, small loan companies, public service corporations, [or] mortgage lenders.").

Plaintiff's claim under the VCPA will be dismissed with prejudice.

### H. Count Eight: Slander of Credit

Virginia does not recognize a cause of action for slander of credit, and, as previously stated, the Court is neither required nor permitted to construct Plaintiff's arguments for her.

Plaintiff's claim for slander of credit will be dismissed with prejudice.

## I. Count Nine: Infliction of Emotional Distress

At the outset, it is important to note that Plaintiff does not allege or identify any physical harm or injury that she has suffered. In Virginia,

> a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless . . . Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality . . . Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145, 148 (Va. 1974).

Plaintiff makes no allegations that suggest Defendant's conduct rose to the level of "outrageous and intolerable" such that the norms of "decency and morality" are offended. The only conduct discernable from the Complaint relates to the foreclosure on Plaintiff's property due to non-payment. While enduring a home foreclosure is undoubtedly upsetting, foreclosure is a legal remedy that Plaintiff agreed to furnish to Defendant in the event of her default. *See Webb v. EquiFirst Corp.*, No. 7:15-cv-00413, 2016 U.S. Dist. LEXIS 43051, at *31 (W.D. Va. Mar. 31, 2016). Plainly put, nothing alleged in the Complaint approaches the degree of conduct required to state a claim under this cause of action.

Plaintiff's claim for infliction of emotional distress is will be dismissed without prejudice.

J.  **Right to Rescission under the Truth in Lending Act**[4]

Plaintiff alleges that Defendant's failure to rescind her transaction "constitutes an additional violation of the Act and Regulation Z," however Plaintiff also states that "the issue need not be decided by this court at this time." (Compl. 3.) As such, the Court will not construe Plaintiff's Complaint as asserting a cause of action under the Truth in Lending Act and need not address the merits of such a claim.

K.  **Declaratory Relief**

The Federal Declaratory Judgment Act allows district courts to "declare the rights and legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). Declaratory judgment "is appropriate when the judgment will serve a useful purpose in clarifying and settling legal relations in issue, and . . . when it will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (alteration in original) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 231, 325 (4th Cir. 1937)) (internal quotation marks omitted). A court's power to enter declaratory relief "has consistently been considered discretionary." *Id.* (citations omitted)

Plaintiff seeks a declaratory judgment that "Wells Fargo has no interest in the Property" and that the Deed of Trust is a nullity. (Compl. 4.) As detailed above, the Complaint does not state a claim upon which relief can be granted. It is not clear what specific conduct of Defendant that Plaintiff takes issue with or how this conduct would

---

[4] Plaintiff references a violation of Regulation Z, which implements the Truth in Lending Act. 12 C.F.R. § 226 (2017).

13

entitle her to relief. Given the lack of clarity as to what the Complaint alleges, the Court is likewise unable to say that declaring any rights in this case would serve a useful purpose. Therefore, the Court will decline to exercise its discretion to hear Plaintiff's declaratory judgment claim, and this claim will be dismissed without prejudice.

L. **Injunctive Relief**

To obtain a preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Defense Counsel, Inc.*, 555 U.S. 7, 20 (2008). Issuance of a preliminary injunction is an extraordinary remedy. *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 189 (4th Cir. 2013) (en banc).

To the extent the injunctive relief sought in the Complaint is for a preliminary injunction, such relief is inappropriate in this case. As discussed above, each of Plaintiff's claims fail at this stage. Plaintiff therefore cannot show a likelihood of success on the merits, which is required for this extraordinary remedy.

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 3) will be granted. Plaintiff's Complaint (ECF No. 1) for will be dismissed with prejudice in part and without prejudice in part.

Should Plaintiff wish to appeal, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right of appeal.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/  
                                          Henry E. Hudson  
                                          United States District Judge

Date: Feb. 23, 2018  
Richmond, VA